**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

AMERICAN COUNCIL OF THE BLIND,   :
et al.,                          :
                                 :
          Plaintiffs,            :
                                 :   Civil Action No. 02-0864 (JR)
     v.                          :
                                 :
HENRY M. PAULSON, JR., Secretary :
of the Treasury,                 :
                                 :
          Defendant.             :

<u>**MEMORANDUM**</u>

        In <u>American Council of the Blind v. Paulson</u>, 463 F.
Supp. 2d 51 (D.D.C. 2006), I "declared that the Treasury
Department's failure to design, produce and issue paper currency
that is readily distinguishable to blind and visually impaired
individuals violates § 504 of the Rehabilitation Act."  <u>Id</u>. at
63.  The Court of Appeals affirmed that ruling and remanded the
case "for the district court to address the request for
injunctive relief."  <u>American Council of the Blind v. Paulson</u>,
525 F.3d 1256, 1260 (D.C. Cir. 2008).

        The Treasury Department contends that injunctive relief
is inappropriate and unnecessary: inappropriate because "courts
should remand a case to an agency for decision of a matter that
statutes place primarily in agency hands," <u>INS v. Orlando
Ventura</u>, 537 U.S. 12, 16-17 (2002), and unnecessary because the
Department "has already begun the process of determining how to

provide meaningful access [to currency] . . . [and] is committed
to carrying this process to completion." Dkt. 88, at 4-5.

Neither objection is compelling.  Remand might be the
appropriate remedy when an administrative decision is
erroneous -- as the Court held in Ventura -- but not when the
government has an established practice that violates the law.  In
such instances, in matters famous, see Brown v. Board of Educ.,
349 U.S. 294, 300 (1955), and obscure, see Henrietta D. v.
Bloomberg, 331 F.3d 261, 290 (2d Cir. 2003), district courts are
free to issue an injunction demanding compliance with the law.[1]

And while I do not question the Treasury Department's
commitment to achieving compliance, the best-laid plans can be
derailed by shifting priorities, limited resources, and the other
vagaries of bureaucratic action.  As I have noted, "[t]his Court
has neither the expertise, nor, I believe, the power, to choose
among the feasible alternatives, approve any specific design
change, or otherwise to dictate to the Secretary of the Treasury
how he can come into compliance with the law." American Council
of the Blind, 463 F. Supp. 2d at 62.  But this Court does have
the expertise and the authority to create goals and to hold the

_____

[1] The Treasury Department also argues that an injunction
would be inappropriate because it would the equivalent of
mandamus, and mandamus is only permissible when a public official
has violated a ministerial, rather than a discretional, duty.
See Dkt. 88, at 6.  But that claim is based on language from the
plaintiffs' proposed order that is not in the Court's injunction
order.

government to those goals.  That is the purpose of this injunction.

The injunction order makes one significant change to the Treasury Department's proposed order.  See Dkt. 88, Ex. 2.  I have not included paragraph four, which gave the Secretary carte blanche to delay the issuance of accessible currency if s/he determined that a redesign was needed to address a counterfeiting threat.  Id. at ¶ 4.  If the Secretary needs relief from the injunction for that reason (or any reason), s/he can file a specific request, properly supported.

I have also not included certain provisions that the plaintiffs requested.  The plaintiffs are concerned that the proposed order would permit the Treasury Department to furnish the visually impaired with external note readers, rather than modifying the currency itself.  See Dkt. 89, at 5-6.  I am not prepared at this point, on this record, to foreclose such an option.  Plaintiffs also seek a public comment period following the release of defendant's semiannual status reports.  The Department has agreed to a public comment period after the contractor has completed his study and before the Department chooses a course of action; that should suffice.

*          *          *

The injunction is granted by the order that accompanies this memorandum.


JAMES ROBERTSON
United States District Judge